# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 28 2018 ★

LONG ISLAND OFFICE

**Douglas C Palmer**
Clerk of Court

**Brenna Mahoney**
Chief Deputy

**Corey Nguyen**
Chief Deputy

**Carol McMahon**
Chief Deputy



Theodore Roosevelt Federal Courthouse
Emanuel Cellar Federal Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201
(718) 613-2270

Alfonse D'Amato Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722
(631) 712-6000
Pro Se: (631) 712-6060

Date: 2/28/18
Re: 16 CV 6585 (LDW)(SIL)

Dear *pro se* litigant:

The enclosed **papers** _____ is/are being returned without docketing or consideration for the following reason(s):

( ) The docket number and/or judges' initials are incorrect or missing.

( ) Your signature is required on all papers filed with the Court. Please sign wherever an "X" appears.

(X) These papers appear to be intended for another court or agency.

( ) Papers cannot be filed without indicating that they have been served on all parties in your action, or their attorneys. This office *will not* forward copies of your papers to other parties or their counsel. An affirmation of service form is enclosed.

( ) Your papers do not meet the minimum requirements for:
    ( ) Legibility: please type or print clearly.
    ( ) Language: only <u>English</u> is acceptable.
    ( ) Form or Content: See forms/instructions enclosed.
    ( ) Please indicate the documents you served on your affirmation of service.
    ( ) Other:

( ) This Court will only accept papers on 81/2 by 11 paper. Note that this does not include exhibits.
( ) Pursuant to Local Civil Rule 5.1, discovery materials are not filed with the Court except by Order of the Court.

( ) Your <u>Notice of Appeal</u> has been processed, and your case is closed. Your papers should be directed to:

    United States Court of Appeals for the Second Circuit
    Thurgood Marshall U. S. Courthouse
    40 Foley Square
    New York, NY 10007

(X) Our records indicate that you are represented by an attorney. As such, you may not file papers or communicate directly with the Court. Please refer this matter to your attorney.

( ) The Court cannot act on your submission(s). To the extent that it is your intent to start a new action, or to file a motion, please request the appropriate form(s) from our website or from our office.

( ) <u>Other:</u>

By: _____ J. Grady



DALE ROBERT JAVINO
64B Senix Avenue
Center Moriches, New York 11934
Cell (212) 390 1494  fax 631 909 3936
Email 777theriver@gmail.com

**RECEIVED**
FEB 28 2018
**EDNY PRO SE OFFICE**

February 19, 2018

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 28 2018 ★
LONG ISLAND OFFICE

A. CRAIG PURCELL
GLYNN MERCEP and PURCELL LLP
North Country Road P.O. Box 712
Stony Brook, L.I. New York 11790-0712

Re:   Denton V Dale R. Javino and Senix Marine LLC et al.
       Index No 15-00464

**Dear Counselor Purcell:**

As per our conversation, the demand Pursuant to New York Partnership Law 41, that was filed with the Suffolk County Supreme Court and given to you on January 25, 2018, ( see attached ) nothing to date from you has been communicated or received. You mentioned to me that I will be afforded all the books and records, tax returns and I believe you said "I would get everything." Let me know if you are going to instruct your client to hand over copies of all the books and records, 1120's and K-1 tax returns or a date I can come in and review and copy the materials pursuant to the law.

Furthermore, it was your deficiency that is causing delays with these proceedings by virtue of not handing over the materials (i.e. pleadings, counter claims and such ) to Carol Honorable Baisley's Jr. law clerk which was needed to decipher if I was entitled to further discovery on or before December 21, 2017.. You have the demands and everyday that goes by I am being kept out of my business Senix Marine LLC & Senix Acquisitions LLC a/k/a property 50 Senix Ave, Center Moriches, NY 11934. And will leave me no choice but to take further action.

Please be advised, that I will be filing an Order to Show Cause with possible sanctions requesting the materials I am entitled to under the law in lieu of the absolute fact your client and your office had withheld information of a Federal Lawsuit ( The Standard Fire Insurance Company a/s/o Albert W. Hesse. Jr. v. Senix Marine LLC Index No 1:16-CV-07399-DLC subsequently transferred to United States Eastern District Federal Court with Index No 2:16-CV-06585-LDW-SIL) which surrounds the unauthorized Launching by your client Ranee Denton of a 33 foot Phoenix vessel into the water whereas IT SANK that this event happened before you filed this Law Suit against myself. That there was no mention by you, your client or your witnesses to a major calamity at the Senix Marina when your papers expressed miniscule absurd inaccurate, untrue derogatory to say the least accusations of myself incorporated into your complaint and proposed Preliminary injunction. The sinking / Federal lawsuit was purposely withheld as to mislead the Honorable Baisley into believing that Ms Denton should be the person running the marina when in fact it was an obvious mistake. It also shows that your client answered a Federal lawsuit with no standing which at the absolute minimum I should have been notified and served the Federal summons and complaint and not your client. Not disclosing and stone walling my discovery has me wondering ,,, that I am the only owner of Senix Marine LLC and Honorable Baisley's Court absolutely should have been put on notice, so in essence I ask is there are any other law suits that we should know about because it is my opinion that the Court let your client operate the businesses because she put up a million dollars but the possibility of various multi million dollar law suit(s) against myself and my company Senix Marine LLC (notwithstanding your client answered the complaint without authority or my knowledge and permission) would frustrate that preliminary injunction decision keeping me out of the business matters. I demand all the papers and information regarding that Law Suit otherwise I will obtain them from the attorneys for the plaintiff and or Federal Court and seek other relief and sanctions from that Federal Court.

In conclusion, I have been a perfect gentlemen with regard to everything even staying off the Senix Marina property when in fact The Honorable Baisley Jr. **DENIED** your second preliminary injunction proposing to keep me off the property and punish me for contempt "denied in its entirety" ( see attached denial) when in fact I was showing a potential buyer so we could settle this corporate divorce. In all candor you, your office and your client has not been keeping to the rules of this court and failing to disclose information to myself and the Honorable Baisley Jr's Court in accordance with C.P.L.R and other New York Statutes.

I suggest you communicate to me something as soon as you are able.

I remain,

Dale Robert Javino  pro se

cc:  New York Attorney General
     Federal Judge Leonard D. Wexler
     Magistrate Judge Steven I. Locke
     Attorney for plaintiff  William Robert Connor III
     Attorney for defendant  Bradley J. Corsair
     Honorable Baisley Jr. Suffolk Supreme Court Judge
     Richard L. Scheyer Esq.
     File

Attachments:  Demand pursuant to Partnership Law 41
              Federal Law Suit Complaint & Answer
              2nd preliminary injunction denial decision

IN THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------X
RANEE DENTON INDIVIDUALLY and ON BEHALF OF
SENIX ACQUISITIONS, LLC and ON BEHALF OF
SENIX MARINE, LLC and SENIX ACQUISITIONS, LLC,　　　　**DEMAND FOR BOOKS AND RECORDS**

　　　　　　　　　　　　Plaintiff,　　　　　　　　　　　　Index No 15-00464

　　　　- against -

DALE R. JAVINO and SENIX MARINE, LLC.,

Defendants,
-------------------------------------------------------------X

　　　　Comes now Dale Robert Javino owner and partner in Senix Acquisitions LLC and owner of

Senix Marine LLC and demand to review all the books and records pursuant to NY Partnership Law

PTR 41 and PTR 42

Please find attached copies of the law.

　　　　　　　　　　　　Dale Robert Javino
　　　　　　　　　　　　648 Senix Avenue
　　　　　　　　　　　　Center Moriches, New York 11934
　　　　　　　　　　　　Cell 2123901494 fax 631 9093936
　　　　　　　　　　　　Email 777theriver@gmail.com

FindLaw Codes · New York · Partnership Law - PTR   § 41

Search by Keyword or Citation

Enter Keyword or Citation          Search

The partnership books shall be kept, subject to any agreement between the partners, at the principal place of business of the partnership, and every partner shall at all times have access to and may inspect and copy any of them.

Read this complete New York Consolidated Laws, Partnership Law - PTR § 41. Partnership books on Westlaw

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| THE STANDARD FIRE INSURANCE COMPANY a/s/o ALBERT W. HESSE, JR.<br><br>*Plaintiff(s)*<br>v.<br>SENIX MARINE, LLC<br><br>*Defendant(s)* | Civil Action No. 16 cv |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  SENIX MARINE, LLC
50 SENIX AVENUE
CENTER MORICHES, NY 11934

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
WALL STREET PLAZA
88 PINE STREET  21st FLOOR
NEW YORK, NY  10005

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THE STANDARD FIRE INSURANCE COMPANY
a/s/o ALBERT W. HESSE, JR.,

                                                           16 Civ.
                Plaintiff,

       -against-                       **COMPLAINT**

SENIX MARINE, LLC,

                Defendant.

-------------------------------------------------------------X

## AS AND FOR A FIRST CAUSE OF ACTION

1. This is a case of breach of contract, breach of warranty and negligence in the storage and launching of a power vessel.

2. Plaintiff, The Standard Fire Insurance Company, is a legal entity organized under the laws of Connecticut, with its principal place of business located at One Tower Square, Hartford, Connecticut 06183. Defendant, Senix Marine, LLC, (hereinafter "Senix"), is a legal entity organized under the law with its principal place of business located at 50 Senix Avenue, Center Moriches, New York 11934. This matter is brought pursuant to this court's diversity of citizenship jurisdiction. 28 U.S.C. 1332.

3. The Standard Fire Insurance Company insured the boat, a 33 ft. Phoenix, owned by Albert W. Hesse, Jr. and has paid the herein described loss to Mr. Hesse and is therefore duly subrogated to the rights of Mr. Hesse.

4. On or about October 21, 2014, Albert W. Hesse, Jr., entered into an agreement with defendant Senix to remove his boat, a 33 foot Phoenix, from the water and store it in the Senix Marine Marina located in Center Moriches, New York for the 2014-15 winter

season. See Exhibit "A". At the end of the winter season defendant Senix was also, responsible pursuant to their contract, to move the boat from storage and launch the boat into the marina.

5. Albert W. Hesse, Jr., prior to May 30, 2015 advised defendant Senix that he specifically requested to be present when the launch was performed.

6. On or about the afternoon/early evening of May 30, 2015, defendant Senix, in direct violation of the request by Albert W. Hesse, Jr. that he be present, launched the boat, a 33 ft. Phoenix, into the Senix Marina waters without Mr. Hesse being notified.

7. Early on the morning of May 31st, Albert W. Hesse, Jr. received a phone call from defendant Senix indicating that his boat, which defendant Senix had launched the previous evening, had sunk in the marina. At the time of the phone call Mr. Hesse was out of town in Virginia and did not know that his boat had been launched.

8. Defendant Senix breached its contract to properly store and launch the boat belonging to Albert W. Hesse, Jr. by failing to first notify Mr. Hesse, as he previously had specifically requested he be notified of the launch date, so he could be present, and failed to properly check the water tightness and seaworthiness of the boat before and after launching.

9. By reason of these premises the boat, a 33 ft. Phoenix, was a total loss and damaged in the amount of $125,000 as nearly as can now be determined.

### AS AND FOR A SECOND CAUSE OF ACTION

10. Plaintiff repeats and realleges the allegations in paragraphs "1" through "9" as if fully set forth herein.

LEGAL/106307255.v1

11. Defendant Senix was retained by Albert W. Hesse, Jr. to store, remove from the water and re-launch Mr. Hesse's vessel, a 33 ft. Phoenix, at the beginning and the end of the 2014-2015 winter season.

12. Defendant Senix negligently performed its duty to launch the boat in May 2015 when it failed to properly inspect and ascertain whether the boat was seaworthy to be launched on the date in question, Saturday, May 30, 2015.

13. By reason of the premises above, plaintiff has suffered a loss in the amount of $125,000 as nearly as can now be estimated.

### AS AND FOR A THIRD CAUSE OF ACTION

14. Plaintiff repeats and realleges the allegations in paragraphs "1" through "13" as if fully set forth herein.

15. Defendant Senix breached its warranty for workmen like service by failing to properly inspect the boat a 33 ft. Phoenix prior to and after launching it on or about May 30, 2015 resulting in the boat sinking.

16. For reason of this premise above, plaintiff has suffered a loss in the amount of $125,000, all as nearly as can be estimated.

**WHEREFORE**, plaintiff demands judgment against defendant Senix Marine, LLC.

1. That the amount due plaintiff be computed by further proceedings before a magistrate pursuant to Rule 53(b) and/or by further proceedings before the court pursuant to Rule 42(b);

2. That final judgment be entered against defendant Senix Marine, LLC in favor of plaintiff for the amount found due plaintiff with interest and with cost; and

3

3.  The plaintiff have such other and further relief as may be just.

Dated: September 22, 2016
   New York, NY

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
*Attorneys for Plaintiff*

By: _____
William R. Conner III
Wall Street Plaza
88 Pine Street 21st Floor
New York, NY 10005
212-376-6400
File #19272.00203

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
THE STANDARD FIRE INSURANCE COMPANY           1:16-cv-07399-DLC
a/s/o ALBERT W. HESSE, JR.,

         Plaintiff,     **ANSWER**

  -against-

                  Jury Trial Demanded
SENIX MARINE, LLC,

        Defendant.
------------------------------------------------------------X

   Defendant SENIX MARINE LLC, by its attorneys, The Law Offices of Leon R. Kowalski, answering the complaint dated September 22, 2016 in the above referenced action, respectfully alleges as follows:

   1.  It denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of said complaint.

   2.  It denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of said complaint, except it admits that it is a legal entity organized under the law with its principal place of business at 50 Senix Avenue, Center Moriches, New York 11934, which is in Suffolk County, Long Island, and which is east of the United States District Court / Eastern District of New York Alfonse M. D'Amato U.S. Courthouse in Central Islip, New York.

   3.  It denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of said complaint.

   4.  Regarding paragraph 4 of said complaint, it admits the genuineness of the document that was filed with said complaint as Exhibit A, and it admits that on or about October

21, 2014, there was an agreement between it and Albert Hesse, Jr. concerning, among other things, storage of the 33 foot Phoenix boat at the Marina, and it otherwise denies paragraph 4 of said complaint.

    5.      It denies paragraph 5 of said complaint.

    6.      It denies paragraph 6 of said complaint, except it admits that it placed the Phoenix boat into waters at the Marina on May 30, 2015.

    7.      It denies paragraph 7 of said complaint, except it admits that it notified Albert Hesse, Jr. that the Phoenix boat had sunk in waters at the Marina and it denies knowledge or information sufficient to form a belief as to whether Albert Hesse, Jr. was out of town in Virginia.

    8.      It denies paragraph 8 of said complaint.

    9.      It denies paragraph 9 of said complaint.

    10.     It repeats the admissions and denials to the paragraphs of said complaint that are repeated and realleged in paragraph 10 of said complaint.

    11.     It denies paragraph 11 of said complaint.

    12.     It denies paragraph 12 of said complaint.

    13.     It denies paragraph 13 of said complaint.

    14.     It repeats the admissions and denials to the paragraphs of said complaint that are repeated and realleged in paragraph 14 of said complaint.

    15.     It denies paragraph 15 of said complaint.

    16.     It denies paragraph 16 of said complaint.

    17.     It denies what is alleged and/or demanded in the Wherefore clause of said complaint, including what is stated in the three numbered paragraphs therein.

18. Any questions of law are respectfully referred to the Court.

### Defenses

19. The defendant has affirmative defenses and other kinds of defenses, including those set forth below, and states that any defenses that would exist as to claims that could have been brought by subrogor Albert Hesse, Jr. relative to the alleged occurrence are defenses in this action by the plaintiff subrogee.

20. This action should be dismissed pursuant to 28 U.S.C. § 1406 due to improper venue, or, alternatively, transferred to the U.S. District Court, Eastern District of New York / Alfonse M. D'Amato U.S. Courthouse in Central Islip, New York. This action ought to be a civil "Long Island case" as defined by the Guidelines for the Division of Business among District Judges, Eastern District of New York.

21. Pursuant to 28 U.S.C. § 1404, this action should be transferred to the U.S. District Court, Eastern District of New York / Alfonse M. D'Amato U.S. Courthouse in Central Islip, New York, for the convenience of the defendant, for the convenience of witnesses, and, upon information and belief, for the convenience of Albert Hesse, Jr.

22. This action should be dismissed so that the underlying dispute can be adjudicated in intercompany arbitration, i.e. in the property forum of Arbitration Forums, Inc.

23. Any damages sustained by the plaintiff and/or its subrogor Albert Hesse, Jr. were caused solely by the negligence of Albert Hesse, Jr.

24. Any damages sustained by the plaintiff and/or its subrogor Albert Hesse, Jr. were caused solely by breach of the aforementioned agreement by Albert Hesse, Jr.

25. Albert Hesse, Jr. breached the aforementioned agreement and, consequently, the plaintiff is not entitled to any recovery on any breach of contract claim.

26. This action should be dismissed because it was agreed between the defendant and Albert Hesse, Jr. that the defendant has no liability. Among other things, it was agreed that the defendant would have no responsibility for the safety of the subject Phoenix boat, and no liability for sinking of and/or damage to said boat. See e.g. paragraphs 23 and 24 of the document that was filed with said complaint as Exhibit A.

27. There was a waiver of subrogation or the like by Albert Hesse, Jr., as he agreed to hold the Defendant harmless for damages such as those claimed in this action, and an insurer cannot recovery from its own insured. Given the foregoing, and since the rights of the plaintiff subrogee are derivative of and dependent on the rights of its subrogor Albert Hesse, Jr., this action is invalid and should be dismissed.

28. The defendant did not provide any warranty to Albert Hesse, Jr.

29. Any applicable contract requirements were performed properly by the defendant, and any requested services were performed properly by the defendant.

30. If the plaintiff has any damages, that is because Albert Hesse, Jr. failed to mitigate damages both before and after the alleged occurrence.

31. The alleged damages were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of Albert Hesse, Jr., and any alleged damages should be fully or partially diminished by said culpable conduct and want of care.

32. Any damages were proximately caused by act and/or omission of Albert Hesse, Jr. and/or by an unforeseeable, unanticipated, independent, intervening and/or superseding event beyond the control and unrelated to any conduct of the defendant.

33. Albert Hesse, Jr. failed to maintain the subject boat in adequate condition, instructed the defendant to place said boat in said waters at or about the time in question, and

assumed the risk of any consequent damages.

34. In the event any person or entity liable or claimed to be liable for damages in this action has been given or is hereafter given a release or covenant not to sue by the plaintiff, the defendant should be entitled to protection including a reduction of any damages to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of any damages, whichever is the greatest.

35. Any claim that would constitute double dipping would be impermissible under common law that prohibits a double recovery.

36. The alleged occurrence did not result in any diminution of value of the subject boat.

37. To the extent the plaintiff paid Albert Hesse, Jr. for the subject boat on a replacement cost value basis, there is no ground for a recovery. Even in an instance of liability, which here is expressly denied, the defendant has the option of limiting the damages to the cost to restore the boat, to the difference in the actual cash value of the boat before versus after the alleged occurrence, or to a value derived from any other recognized damages calculation, whichever is the least.

38. The alleged damages should be offset considering what the plaintiff did collect and/or should have collected based on salvage value of the subject boat after the alleged occurrence.

39. The plaintiff should have denied or disclaimed the first party insurance claim of Albert Hesse, Jr. based on absence of a trigger of coverage, based on one or more policy exclusions, and/or based on failure of Albert Hesse, Jr. to comply with policy conditions.

40.  The action should be dismissed due to spoliation in that the plaintiff, Albert Hesse, Jr., and/or their agents failed to preserve the subject boat and failed to provide all interested parties and persons with an adequate opportunity to inspect said boat.

### STATEMENT AS TO JURY TRIAL

The defendant respectfully demands a jury trial in this litigation.

**WHEREFORE**, the defendant demands judgment dismissing said complaint and further demands judgment over and against the plaintiff, for the amount of any judgment obtained against the defendant, or on the basis of apportionment of responsibility in such amounts as a jury or Court may direct, together with costs, disbursements, and expenses of this action including attorney fees.

Dated:  Brooklyn, New York
        October 25, 2016

Yours, etc.,

THE LAW OFFICES OF LEON R. KOWALSKI
Attorneys for Defendant Senix Marine LLC

By: _____
    Bradley J. Corsair  (BJC 6651)
12 Metrotech Center, 28th Floor
Brooklyn, New York 11201-3837
(718) 250-1100
Direct Dial:  (718) 250-1115
eMail:  Bradley.Corsair@aig.com

TO:
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
Attn. William R. Conner III
Attorneys for Plaintiff
88 Pine Street, 21st Floort
New York, New York 10005
(212) 376-6400
File # 19272.00203

*Denton v Javino*     *Index No. 464/15*
Short Form Order

COPY

## SUPREME COURT - STATE OF NEW YORK

## I.A.S. PART XXXVI SUFFOLK COUNTY

**PRESENT:**
**HON. PAUL J. BAISLEY, JR., J.S.C.**
——————————————————X
RANEE DENTON INDIVIDUALLY and ON BEHALF OF SENIX
ACQUISITIONS, LLC and ON BEHALF OF SENIX MARINE, LLC
and SENIX ACQUISITIONS, LLC ,

                                  Plaintiffs,

    -against-

DALE R. JAVINO and SENIX MARINE, LLC,

                              Defendants.
——————————————————X

INDEX NO.: 464/15
MOTION DATE: 10/1/15
MOTION NO.: 003 MD

**PLAINTIFFS' ATTORNEY:**
GLYNN and MERCEP, LLP
North Country Road, P.O. Box 712
Stony Brook, New York 11790

**DEFENDANTS' ATTORNEY:**
VINCENT J. TRIMARCO, ESQ.
1038 W. Jericho Tpke.
Smithtown, New York 11787

Upon the following papers numbered 1 to 34 read on this motion for contempt and for preliminary injunction ; Notice of Motion/ Order to Show Cause and supporting papers 1-11 ; Notice of Cross Motion and supporting papers ___ ; Answering Affidavits and supporting papers 12-25 ; Replying Affidavits and supporting papers 26-34 ; Other___; (and after hearing counsel in support and opposed to the motion) it is,

    ***ORDERED*** that the unopposed motion (motion sequence no. 003) of plaintiffs, brought on by order to show cause (ASHER, J.) dated May 11, 2015, for an order holding defendant Dale R. Javino in contempt of court for willful disregard of the order of this Court dated January 9, 2015; and granting a preliminary injunction that broadens and clarifies the existing injunction to include (i) prohibiting defendant Javino or anyone acting on his behalf from directly or indirectly communicating with any employees, customers or vendors of Plaintiff Senix Acquisitions, LLC including but not limited to Bridgehampton National Bank or VRP Insurance Agency; (ii) prohibiting defendant Javino from entering upon or interfering with Senix Acquisitions, LLC's

marina operations conducted at or about 50 Senix Avenue, Center Moriches, New York including those conducted under the name of Senix Marine, Inc. or Senix Marine, LLC; and (iii) prohibiting defendant Javino from making withdrawals, uttering checks or utilizing debt or credit cards on the accounts of Senix Acquisitions, LLC, Senix Marine, Inc. or Senix Marine, LLC maintained in Bridgehampton National Bank, is denied.

The order to show cause directed plaintiffs to serve a copy of the order together with the papers upon which it is based on defendant Dale R. Javino "by personal service...pursuant to CPLR 308" and on Vincent J. Trimarco, Jr., defendant's attorney of record, "by any method provided in CPLR 2103(b)(1), (3) or (6)" on or before May 11, 2015.

The litigation back of the order to show cause bears the undated handwritten notation, "Service Admitted," and is signed by defendant's attorney, Vincent J. Trimarco, Jr. There is no affidavit of service or other proof, however, reflecting personal service of a copy of the order to show cause and supporting papers on defendant Javino pursuant to CPLR §308 as directed by the order. It is well established that failure to effect service as directed in an order to show cause is a jurisdictional defect that renders the order to show cause a nullity (*U.S. Bank N.A. v Feliciano*, 103 AD3d 791 [2d Dept 2013]; *Zambelli v Dixon*, 242 AD2d 353 [2d Dept 1997]. Inasmuch as the order to show cause directed personal service of the order on the defendant himself as well as service on his attorney, the Court is constrained to conclude that the service provisions as to the defendant were not satisfied by counsel's purported admission of service.

In light of the foregoing, the motion is denied, notwithstanding the lack of opposition thereto.

PAUL J. BAISLEY, JR.
Dated: April 14, 2016 _____

J.S.C.

PRESS FIRMLY TO SEAL

PRIORITY MAIL
POSTAGE REQUIRED

**PRIORITY**®

UNITED STATES POSTAL SERVICE. — Retail

P — US POSTAGE PAID — **$6.70**

Origin: 11950
Destination: 11722
0 Lb 4.10 Oz
Feb 23, 18
3551400950-4       1005

PRIORITY MAIL 1-Day®

Expected Delivery Day: 02/24/2018    C003

USPS TRACKING NUMBER

9505 5129 8902 8054 0967 93

PS00001000014
EP14F July 2013
OD: 12.5 x 9.5

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE®

FROM: Dale Robert Javino
64 B Senix Ave
Center Moriches, NY
11934

TO: Honorable Judge Leonard D. Wexler
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Index # 2:16-CV-

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
FEB 26 2018
LONG ISLAND OFFICE