```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X       For Online Publication Only

THE STANDARD FIRE INSURANCE COMPANY,
                                                                              **ORDER**

                                    Plaintiff,                                16-CV-6585 (JMA) (SIL)

                -against-

                                                                              **FILED
                                                                              CLERK**
SENIX MARINE, LLC,
                                                                              4/30/2019 4:57 pm
                                    Defendant.
                                                                              **U.S. DISTRICT COURT
----------------------------------------------------------------------X       EASTERN DISTRICT OF NEW YORK
                                                                              LONG ISLAND OFFICE**
```

**AZRACK, United States District Judge:**

In September 2016, plaintiff Standard Fire Insurance Company commenced this property subrogation action against Senix Marine, LLC after its boat sank at the Senix Marine Marina in Center Moriches, New York. (ECF No. 1.) In January 2018, the parties reached a settlement and the case was closed. (ECF No. 27.) Subsequently, Dale R. Javino ("Javino") submitted multiple documents to the Court, identifying himself as pro se on behalf of defendant Senix Marine, LLC. (See ECF Nos. 28, 29, 30.) The pro se department returned Javino's filings without docketing or consideration, noting that Senix Marine, LLC is represented by an attorney—namely, Bradley J. Corsair of the Law Offices of Leon Kowalski—and that Javino "may not file papers or communicate directly with the court" and should "refer this matter to the attorney." (ECF Nos. 28, 29.) The pro se department also informed Javino that a corporation cannot appear in this Court without an attorney. (ECF No. 30.)

On December 21, 2018, attorney William Grausso of Grausso & Foy, LLP filed Javino's "emergency order to show cause," an affidavit, and exhibits on behalf of Senix Marine, LLC. (ECF No. 31.) Mr. Corsair, who defended Senix Marine, LLC in this action from its inception, responded to Javino's filing and noted the procedural deficiencies contained therein. (See ECF No. 32.)

For the following reasons, the Court denies Javino's motion in its entirety as it is procedurally defective. And, even if Javino's filing had been procedurally proper, the motion is meritless.

## I. DISCUSSION

Javino's filing was docketed as a "motion to vacate settlement," but the contents consist of an "emergency order to show cause" and an "affidavit in support [of an] order to show cause, [to] reopen [the] case, [and] dismiss [for] lack of jurisdiction." (ECF No. 31.) It purportedly seeks to reopen this case, vacate the settlement, and dismiss the case for lack of jurisdiction due to improper service. The filing also contains an affidavit that is not notarized, where Javino claims he is the "sole owner" of Senix Marine, LLC and that "Ranee Denton and her attorneys have stolen the identity of the defendant [Senix Marine LLC] and answered the complaint without authority or standing whatsoever and without my knowledge or consent." (ECF No. 31-1.) The Court treats this filing as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(6).

**1. Javino's Motion is Procedurally Defective**

Javino's motion on behalf of Senix Marine, LLC is procedurally defective because it is not signed by attorney. Federal Rule of Civil Procedure 11(a) requires motions and other filings to be signed by an attorney unless it is permissible for a pro se party to sign the legal documents himself:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a).[1] This signature requirement is a "think twice" provision meant to deter irresponsible litigation. See Scarborough v. Principi, 541 U.S. 401, 417 (2004) (internal citation omitted); see also V.P. Music Group, Inc. v. McGregor, 11-CV-2619, 2012 WL 1004859, at *4 (E.D.N.Y. Mar. 23, 2012). Additionally, it is well-settled that only an attorney may represent a business entity in court. See Rowland v. California Men's Colony, 506 U.S. 194, 202 n.5 (1993); see also Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22–23 (2d Cir. 1983). Thus, because an LLC cannot be represented by a non-attorney, any filing prepared on behalf of Senix Marine, LLC must have been signed by an attorney.

It is clear that an attorney did not sign or prepare the instant motion. Although these documents were filed on the docket by Mr. Grausso, he did not sign any of the documents, file a notice of appearance on the record, and has not otherwise been involved in this action. It is also apparent that Mr. Grausso did not prepare these documents because they are identical to the documents Javino attempted to file in May 2018. (See ECF No. 30.) Further, Javino's affidavit is not notarized nor amounts to an acceptable unsworn declaration permitted by 28 U.S.C. § 1746 because it fails to certify that it is made under penalty of perjury. See 28 U.S.C. § 1746. For these reasons, Javino's motion is denied.

2. **Javino's Motion Lacks Merit**

Even if Javino's motion were procedurally proper, it lacks merit. The Court construes the instant motion as a motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6), which permits the district court to relieve a party from an order or judgement for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and

---

[1] The Eastern District of New York's Local Rules supplement the requirements of Federal Rule of Civil Procedure 11 and presuppose that every pleading, motion, and other paper submitted to the Court will be signed by an attorney unless the party can properly proceed pro se. See E.D.N.Y. Local Civ. R. 11.1(a).

undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (internal citations omitted). In order to qualify for relief under Rule 60(b)(6), a party must also set forth "highly convincing material" in support of the motion. United States v. Cirami, 563 F.3d 26, 33 (2d Cir. 1977).

The instant motion falls well short of this standard. The attached exhibits consist of, inter alia, a reply brief and an order from a state court proceeding, receipts for the filing of Senix Acquisitions, LLC's and Senix Marine, LLC's articles of organization and certificates of publication, and advertising invoices. (See ECF No. 31-2.) These exhibits are not "highly convincing material" demonstrating that Javino is the sole owner of Senix Marine, LLC. There is also no indication that "extraordinary circumstances" exist here that warrant vacature of the order dismissing the case in light of the parties' settlement. Thus, Javino has not met the burden required for relief under Rule 60(b)(6).

## II. CONCLUSION

For the reasons stated above, Javino's motion and supporting documentation are stricken in their entirety for being procedurally defective.

**SO ORDERED.**

Dated: April 30, 2019
Central Islip, New York

                                                    /s/  (JMA)
                                        JOAN M. AZRACK
                                        UNITED STATES DISTRICT JUDGE